FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2020 OCT 29 AM 9:20
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

vs

4:15CR00182-1

Tsaddiq Ndestta Chew 19599-021

## Motion For Compassionate Release

The defendant, Tsaddiq N. Chew, through pro se motion, hereby moves this Honorable Court for Compassionate release pursuant to the First Step Act and Title 18 United States Code section 3582(c)(1)(A). I qualify for Compassionate release under the statute and I am a excellent candidate for a sentence reduction. I Respectfully request that this Court grant my motion and reduce my sentence to time served.

## STATEMENT OF THE CASE

I am presently 31 years old. I am serving a 188 month sentence for possession of a firearm by a convicted felon (armed career criminal) and possession with intent to distribute cocaine base. I was arrested on October 1, 2015 and pled guilty and was sentenced on April 29, 2016. (SEE United States v. CHEW, T, Case No. 4:15CR00182-1)

I am currently serving my sentence at the Federal Correctional Institute in Bennettsville, South Carolina ("FCI Bennettsville") and as of now my earliest release date is projected as September 30, 2029. During my incarceration, the Novel Coronavirus causing the disease Covid-19 has become a pandemic. I requested compassionate release from FCI Bennettsville in September of 2020.

## Argument

The First Step Act of 2018 gave federal courts jurisdiction to grant compassionate release where "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. Section 3582(c)(1)(A)(i). In determining whether extraordinary and compelling reasons exist, the First Step Act directs courts to consider the United States Sentencing Commission's policy statement in United States Sentencing Guideline ("U.S.S.G.") Section 1B1.13 and the sentencing objectives set forth in 18 U.S.C. Section 3553(a). Because my case presents extraordinary and compelling circumstances, I respectfully request that the Court reduce my sentence to time served.

### I. Timing of Motion

On December 21, 2018, the President

signed the First Step Act into law. Among other reforms, the First Step Act provided the sentencing judge the ability to consider a defendant's motion for reduction in sentence under 18 U.S.C. Section 3582(c)(1)(A) where "the defendant has fully exhausted all administrative rights to appeal, a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier." [FIRST STEP ACT of 2018] I originally requested Compassionate release from the Warden at FCI Bennettsville on September 20, 2020. Exhibit #1 - Request For Compassionate Release was filed on the date of September 20, 2020 Exhibit #2 Thirty days has passed since the request was made without a response, thus the motion before this court is timely.

II. Sentence Reduction Authority

THIS Court has the discretion to reduce the term of imprisonment imposed in this case based on subsection Section 3582(c)(1)(A)(i), which states in relevant part that the Court "may reduce the term of imprisonment, after consideration of the factors set forth in Section 3553(a) to the extent they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction." Pursuant to the requirement of 28 U.S.C. Section 994(t), as authorized by 28 U.S.C. Section 994(a)(2)(C), the Sentencing

3 of 10

Comission promulgated a policy statement that sets out "extraordinary and compelling reasons" in U.S.S.G Section 1B1.13 The policy statement goes on to explain the "medical condition(s) of the defendant" that give rise to "extraordinary and compelling reasons," including:

> The defendant is (I) suffering from a serious physical or medical condition; (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG Section 1B1.13, Comment. N. 1(A)(ii) (Nov. 1, 2016)

The policy also states a list catchall provision, where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other reasons listed in the policy statement. Id. n 1(D)

As the court is aware, the Sentencing Guidelines are not binding. Instead they offer guidance regarding what constitutes extrodinary and compelling circumstances. See United States vs. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at 6 (M.D.N.C. June 28, 2019); United States v. Cantu, 1:05-CR-458-1,

2019 WL 2498923, at 5 (S.D. Tex. June 17, 2019) (explaining that the Court decides what constitutes extraordinary for purposes of the "Other Reasons" Section of Sub Section 1B1.13 Cmt. N. 1(D); United States v. Bucci, 409 F. Supp. 3d 1 (D. Mass. Sept 16, 2019); United States v. Maumau, No. 2:08-CR-758-TC-11; 2020 WL 806121 at 4 (D. Utah, Feb. 18, 2020) (collecting cases). Ultimately, it is up to the Court, not the Sentencing Commission or the Director of the Bureau of Prisons "to determine whether there is an 'extraordinary and compelling reason' to reduce a sentence." Maumau, 2020 WL 806121 at 4.

    I have a history of heart problems. I had a heart attack at the young age of 22. Moreover, heart disease runs in my family. (Exhibit #3 petition for Medical records) I also suffer from bronchitis. In 2010 I also contracted tuberculosis, a highly communicable variable disease of humans that is caused by the bacteria tubercle bacillus. It affects esp. the lungs but may spread to other areas of the body. (Exhibit #4 petition for Medical records.) My immune system has been compromised. Due to my conditions Covid-19 puts me at a, higher than normal, risk of dying. My health conditions make me particularly vulnerable for severe complications and even death due to Covid-19, which is presently running rampant through the Bureau of Prisons. The Center for Disease Control and Prevention ("CDC") note that heart disease is a risk factor for complications due to Covid-19. CDC, People who are at higher risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (article date June 18, 2020). Patients

with cardiovascular problems make up 29% of ICU-hospitalized Covid-19 patients and make up only 6% of Covid-19 patients who did not require hospitalization.... Covid-19 Response Team, CDC, *Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease. United States, February 12 - March 28, 2020* at 384 Table 1, https://www.cdc.gov/mmwr/volumes/69/wr/pdfs/mm6913e2-H.pdf.

"The risk of contracting Covid-19 in tightly-confined spaces, especially jails, is now exceedingly obvious." *Basank v. Decker*, --- F. Supp. 3d ---, 2020 WL 1481503 at 5 (S.D.N.Y. Mar. 26, 2020). Prison conditions accelerate the spread of Covid-19. One public health expert explained "If you wanted to set up a situation that would promote rapid transmission of a respiratory virus, you would say prison: it's impossible to provide infection control." Daniel A. Gross, "*It Spreads Like Wildfire*": The Coronavirus Comes to New York's Prisons, The New Yorker, Mar. 24, 2020 https://www.newyorker.com/news/news-desk/it-spreads-like-wildfire-Covid-19-comes-to-New-Yorks-Prisons. Given the enclosed spaces, inability to socially distance, and questionable hygiene, this is unsurprising. Making matters worse, prisoners are more susceptible to the disease: Medical care is limited and inmates tend to have poorer health than the general public population. *Laura M. Maruschak et al (2015) Medical problems of State and Federal Prisoners and Jail*

Inmates, 2011-12. NCJ 248491, Washington, D.C.: U.S. Department of Justice, Bureau of Justice Statistics, https://www.bjs.gov/content/pub/pdf/mpsfpji1112.pdf. In recognition of the serious challenges presented by Covid-19 in the Correctional setting, the CDC issued guidance specific to prison populations on March 23, 2020. CDC, Guidance on Management of Coronavirus (Covid-19) in Correctional and Detention Facilities, March 23, 2020, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (article date June 18, 2020). As a result, Nationwide efforts to reduce prison populations are underway. For Example, Attorney General Barr recently called on the B.O.P. to release a significant number of prisoners at facilities that were materially affected by Covid-19. Memo from Attorney General to Director of Bureau of Prisons, April 3, 2020, https//www.justice.gov/File/1266661/download.

Countless Courts, including this one, have held that vulnerability to Covid-19 due to Comorbid medical Conditions creates an extraordinary and compelling circumstances warranting Compassionate release. See e.g., United States v. Brown, ---F. Supp3d ---, 2020 WL 2091802 at 9 (S.D. IOWA. Apr. 29, 2020 (collecting Cases); Sammy v. United States, 2020 WL 18888412 at 4 (E.D. Mich. Apr. 26, 2020). Accordingly, I request that this Court and

the Honorable Judge find that the combination of my health conditions and Covid-19 presents extraordinary and compelling circumstances.

## III Prayer for Relief

Once this Court finds that extraordinary and compelling circumstances exist, the next question before it is whether a reduction in sentence would comport with the sentencing factors listed in 18 U.S.C. Section 3553(a). See 18 U.S.C. Section 3582(c)(1)(A). Consideration of the Section 3553(a) factors counsels that compassionate release is warranted for Myself. A sentence reduction would not diminish the seriousness of the offense, respect for the laws or the goal of providing just punishment. 18 U.S.C Section 3553(a)(2)(A).

I have currently been in custody for 5 years and 13 days. With good time credit, I have served the equivalent of a 71 month sentence. I have an excellent institutional record and a positive work history. I have taken 8 classes in the 25 months that I have been in B.O.P custody in addition to maintaining employment, including parenting, Health, and Drug Education (court ordered). I have maintained clear conduct for more than the past 18-months. I am also currently enrolled in a Business Admin. Associates degree program at Northeastern

Technical College through the facility. I am at the top of my class. In the Fall 2019 Semester I recieved an Award for Academic Excellence, I made the Semesters Presidents List. I have also Completed all financial obligations owed to the Department of Justice/B.O.P. This demonstrates my ability and desire to conform my behavior to the law and further demonstrates that the Sentencing goals of Correction, Punishment, inCapacitation, and deterrence have been achieved. I have used this time as positively as possible and I have done what I can over the past half of a decade to demonstrate that I will Conform my behavior to the law upon release to My 5-Year Supervised release term.

The time already served has met many of the original Sentencing goals of deterrence and incapacitation. Having undergone a significant period of incarceration, I do not pose a danger to any other person or the Community under any relevant standard. I have a 5-Year term of Supervised release to complete, which further minimizes any risk. Considering My extraordinary Circumstances, the Court should conclude that the time I have already served is Sufficient.

## Conclusion

For the foregoing reasons, I respectfully request that this Court grant my motion pursuant to 28 U.S.C. Section 3582(c), reduce my sentence to time served.

Respectfully requested this 21st day of October, 2020.

*Tsaddiq Ndesha Chew* pro se
#19599-021 A-4/#214-L
Bennettsville Federal
Correctional Institution
P.O. Box # 52020
Bennettsville, S.C. 29512

SADDIQ NDOYNE (NG)
19599-021 A.4/#214-L
Bennettsville Federal
Correctional Institution
P.O. BOX # 52020
Bennettsville, S.C. 29512

Columbia P&DC 290
MON 26 OCT 2020 PM

FEDERAL CORRECTIONAL INST.
BENNETTSVILLE, S.C. 29512
DATE 10/22/2020
THE ENCLOSED LETTER WAS PROCESSED
THROUGH SPECIAL MAILING PROCEDURES
FOR FORWARDING TO YOU. THE LETTER
HAS BEEN NEITHER OPENED NOR INSPECTED.
IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN
THE MATERIAL FOR FURTHER INFORMATION
OR CLARIFICATION. IF THE WRITER
ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE,
PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF
GEORGIA

P.O. BOX # 8286

SAVANNAH, GA. 31412