IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TSADDIQ NDESHA CHEW, )
)
    Petitioner, )
)
v. ) CASE NO. CV420-142
) CR415-182
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 2), to which Petitioner has filed objections (Doc. 7).[1] After a careful review of the record,[2] Petitioner's objections are **OVERRULED**, and the report and recommendation (Doc. 2) is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

The Magistrate Judge recommended that Petitioner's motion be denied because a Rehaif v. United States, --- U.S ---, 139 S. Ct.

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV420-142.
[2] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

2191, 204 L. Ed. 2d 594 (2019), error is non-jurisdictional and his guilty plea waived all non-jurisdictional defects. (Doc. 2 at 6 (citing Marks v. United States, 834 F. App'x 568, 569 (11th Cir. 2021) (per curiam)).) Citing the Supreme Court's opinion in Jones v. Mississippi, --- U.S. ---, 141 S. Ct. 1307, 209 L. Ed. 2d 390 (2021), Petitioner's objection asserts a wholly novel argument concerning his prior convictions as a juvenile. (Doc. 7 at 2.) Petitioner argues that two of the charges used as predicate offenses in his case occurred while he was a minor, and this Court should find that "youth matters in sentencing." (Doc. 7 at 2.)

First, the Court is not required to consider arguments raised for the first time in a petitioner's objections to a magistrate judge's report and recommendation. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Second, Petitioner's new argument is too vague and conclusory to entitle him to relief under § 2255. See Killen v. United States, No. 21-10888-E, 2021 WL 7159181, at *5 (11th Cir. Sept. 8, 2021) ("Conclusory claims, unsupported by facts or argument, cannot entitle a movant to § 2255 relief." (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)). Finally, the Court is unable to discern any basis for concluding that Jones called into question reliance on juvenile convictions as predicate offenses. In Jones,

2

the Supreme Court held only that "the Eighth Amendment does not require a finding that a minor be permanently incorrigible as a prerequisite to a sentence of life without parole." 141 S. Ct. at 1323 (Thomas, J., concurring). The liberal construction afforded to pro se pleadings simply does not permit the Court to conjure an argument, even supposing one could be conjured, from Petitioner's objection. See Ware v. City of Atlanta, 861 F. App'x 791, 797-98 (11th Cir. 2021) ("Although we liberally construe pro se briefs . . . , a court may not serve as de facto counsel for a party or rewrite a brief in order to preserve a claim." (internal quotation marks and citation omitted)).

For the foregoing reasons, Petitioner's objections (Doc. 7) are **OVERRULED**, and the report and recommendation (Doc. 2) is **ADOPTED** as the Court's opinion. As a result, Petitioner's motion (Doc. 1) is **DENIED**. This action is **DISMISSED**, and the Clerk of Court is **DIRECTED** to close the case.

Applying the Certificate of Appealability (COA) standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no

COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

SO ORDERED this 17th day of November 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA